UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ23-198 |
| Plaintiff, | (M.D. Louisiana 3:16CR00122-1, #:14CR00041—1 -SDD-EDW) |
| v. | |
| BRYANT EMERSON FREEMAN, | ORDER FOR TRANSFER AND DETENTION |
| Defendant. | |

Defendant is charged with a violation of the conditions of his supervised release. The case is pending in the U.S. District Court for the Middle District of Louisiana, in Baton Rouge. He was arrested in this district on that court's warrant, and has appeared several times in this court on Rule 5 proceedings.

There are significant issues as to defendant's competence. This is based in part upon defendant's incoherent behavior before this court. In addition, while the court has successively appointed two different counsel for defendant, he has not cooperated with either, and has discharged both.

The case has been pending in this district for over two months, with essentially

ORDER FOR TRANSFER AND DETENTION
PAGE -1

no progress toward a transfer to the court in Louisiana, or any other resolution. This court therefore determined to hear, as best it could, the issues under defined by Rule 5, and leave the other issues to the court in Louisiana.

At a hearing on this date, the United States presented a proffer sufficient to establish that the defendant before the court is the same person as is charged as Bryant Emerson Freeman in the Middle District of Louisiana. Therefore defendant should be transferred to that district for further proceedings.

The information presented by that court, and by the U.S. Probation Office in this district, overwhelmingly established that defendant should be transferred in the custody of the U.S. Marshal, rather than being released on bond to make his own way.

Upon his appearance in Louisiana, that court if it sees fit will be able to address the issue of defendant's competence.

Defendant repeatedly stated in court that he did not know who he was, and had not been provided any documentation of the pending charges. The United States Attorney, the Probation Office stated no objection to defendant receiving copies of the documents which had been provided to the court. This court so ordered.

### ORDER OF TRANSFER

It is hereby ORDERED, that the further proceedings in this case shall be conducted in the U.S. District Court for the Middle District of Louisiana. The Clerk of this court shall

forthwith transmit to the Clerk in said district the records of proceedings conducted in this district. The U.S. Marshal is directed to transport defendant as promptly as possible to that district.

## DETENTION HEARING

The court conducted a detention hearing, pursuant to 18 U.S.C. § 3142(f), on July 10, 2023. Based upon the factual findings and statement of reasons for detention hereafter set forth, the court finds that defendant has not met his burden of showing, by clear and convincing evidence, that no condition or combination of conditions which defendant can meet will reasonably assure defendant's appearances as required in this case.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) When a defendant is arrested on charges that he has violated the conditions of his supervised release, "… the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community rests with the person." Federal Rules of Criminal Procedure, Rule 32.1(a)(6). Defendant has not met this heavy burden that he would make his further court appearances as required, if he were released on conditions.

(2) The U.S. Probation Officer has specifically alleged in the petition that defendant has failed to contact the USPO as directed.

(3) Defendant has a history of failures to comply with conditions of supervised release.

(4) There is also a pending warrant for defendant from the District of Oregon.

It is therefore ORDERED:

1, Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3, On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to the United States Marshal, to the U.S. Marshal for delivery to the defendant, and to the United States Pretrial Services Officer.

DATED this 10th day of July, 2023.

*John L. Weinberg*
John L. Weinberg
United States Magistrate Judge